IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

UNITED STATES OF AMERICA    *
                            *
v.                          *     CR 308-001-22
                            *
JAMES AUSTIN                *

# O R D E R

On March 16, 2020, Defendant James Austin filed a motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, pursuant to 18 U.S.C. § 3582(c)(1)(A). Specifically, Defendant asks the Court to reduce "the sentence imposed of 14 months to time served." (Doc. No. 844, at 3.) The Government opposes the motion, explaining that the First Step Act provides no relief to Defendant.

On October 16, 2008, Defendant pled guilty to one count of conspiracy to possess with intent to distribute and to distribute a quantity of cocaine base ("crack" cocaine), a quantity of cocaine hydrochloride ("powder" cocaine), a quantity of marijuana, and a quantity of 3,4-Methylenedioxymethamphetamine ("Ecstasy"), a violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to serve 48 months imprisonment followed by five years of supervised release.

Defendant was released from custody in January 2011. While on supervised release, he was federally indicted with conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride and 280 grams or more of cocaine base. (See United States v. Austin, Case No. 3:12-CR-003-20 (S.D. Ga. Jul. 11, 2012).) On October 18, 2012, Defendant pled guilty to the lesser included offense of conspiracy to possess with intent to distribute a quantity of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846. (See id., Doc. No. 429.) Because of this criminal conduct, his term of supervised release in this case was subject to revocation.

On April 23, 2013, this Court held both a revocation hearing in this case and a sentencing hearing in the 2012 case. Ultimately, Defendant was sentenced to serve 14 months imprisonment upon his revocation and 151 months imprisonment on the new drug charge "to be served consecutively to the 14-month term of imprisonment imposed upon the revocation of his supervised release." (See United States v. Austin, Case No. 3:12-CR-003-20, Judgment & Commitment Order of April 25, 2013, Doc. No. 552, at 2.)

Defendant bears the initial burden of establishing that he is entitled to relief under 18 U.S.C. § 3582(c). See United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (defendant therein sought a sentence reduction under 18 U.S.C. § 3582(c)(2)). Under

Section 404 of the First Step Act, a court that imposed a sentence for an offense covered under the Fair Sentencing Act "may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." See Pub. L. No. 115-391, 132 Stat. 5194. Thus, the First Step Act can serve as a basis for relief under 18 U.S.C. § 3582(c)(1)(B), which allows a court to modify a sentence "to the extent otherwise expressly permitted by statute," if the defendant's statutory sentencing exposure would have been different under Section 2 and 3 of the Fair Sentencing Act. Section 2 modified the penalties for offenses involving cocaine base under 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B). Section 3 modified the penalties related to simple possession of cocaine base under 21 U.S.C. § 844(a).

At the time of filing the instant motion, Defendant has been imprisoned far in excess of the 14-month revocation sentence imposed on April 13, 2013, and of course, he has already completed his original 48-month term of imprisonment imposed for the 2008 conviction. Defendant is now serving the 151-month term imposed for the 2012 conviction. Thus, Defendant is not currently serving

a term of imprisonment subject to reduction.[1] Accordingly, his motion to reduce sentence in this case is moot.

Further, Defendant is not eligible for relief because the First Step Act did not modify Defendant's 2008 offense of conviction, which was penalized under 21 U.S.C. § 841(b)(1)(C). Section 2 of the Fair Sentencing Act amended the statutory penalties in 21 U.S.C. §§ 841(b)(1)(A) and (B), not (C). Accordingly, Defendant's offense of conviction is not a "covered offense" under the First Step Act, and it therefore accords him no relief.

For these reasons, Defendant's motion to reduce sentence under the First Step Act (doc. no. 844) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of April, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[1] This Court has already twice denied Defendant's motion to reduce sentence under the First Step Act in the 2012 case. (See United States v. Austin, Case No. 3:12-CR-003-20, Doc. Nos. 916 & 922.)

4